United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-11096
Conference Calendar

_____

RODNEY GRANT,

                              Plaintiff-Appellant,

versus

DALLAS COUNTY,

                              Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CV-21-H
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Rodney Grant, Texas prisoner # 1082944, proceeding pro se,
has filed an application for leave to proceed in forma pauperis
(IFP) on appeal, following the district court's dismissal of his
civil rights complaint as frivolous because it is time-barred.
By moving for IFP, Grant is challenging the district court's
certification that IFP status should not be granted on appeal
because his appeal is not taken in good faith.  See Baugh v.
Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Grant argued in the district court that his civil rights complaint is not time-barred because he is entitled to equitable tolling. However, he has failed to brief his arguments for equitable tolling in this court. Although pro se briefs are afforded liberal construction, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), pro se litigants must brief contentions in order to preserve them. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Grant's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, we uphold the district court's order certifying that the appeal is not taken in good faith and denying Grant IFP status on appeal, we deny the motion for leave to proceed IFP, and we dismiss Grant's appeal as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Grant's motion for the appointment of appellate counsel is denied as moot.

The district court's dismissal of Grant's action and our dismissal of his appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Grant that should he accumulate three strikes, he will be unable to proceed IFP in any civil action or appeal filed while he is incarcerated or

detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

IFP DENIED; MOTION FOR APPOINTMENT OF APPELLATE COUNSEL DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.